# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JUDY LYNN PRINCE,** <br> **Administrator of the Estate of** <br> **WAYNE BOWKER, Deceased,** <br> <br> Plaintiff, <br><br> v. <br><br> **SHERIFF OF CARTER COUNTY,** <br> **in his official capacity, et al.,** <br><br><br><br><br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **Case No. CIV-18-201-RAW** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

Before the court is the motion of defendants Danny Renken, Chester Carter and Jesse McDaniels for summary judgment. In a companion order (incorporated herein by reference), the court granted the motion for summary judgment of defendant Kimberly Miller based on qualified immunity. Present movants have also asserted qualified immunity (#137 at pages 14-15 of 30 in CM/ECF pagination).

*A fortiori*, the court finds the three movants are also entitled to qualified immunity. Renken and Carter are deputies, and McDaniels is a sergeant, who were employed in the Carter County Detention Center ("CCDC") during the pertinent time. Renken gave Bowker various prescribed medicines at the designated times during Bowker's incarceration. At

around 1:02 a.m. on June 30, 2016, Renken had checked on Bowker and Bowker had waved at Renken. At around 2:09 a.m. on June 30, 2016, Renken saw Bowker lying face down and Bowker proved unresponsive.

Defendant Carter worked the 7:00 a.m. to 3:00 p.m. shift, which did not coincide with Bowker's prescription medication times. On May 18, 2016, Carter accompanied Bowker to Mercy Hospital in Ardmore, Oklahoma for treatment of a rash.

Defendant McDaniels worked on the same shift as Renken and gave Bowker prescription medication on certain days. McDaniels observed Bowker at around 12:49 a.m. on June 30, 2016. After Bowker was found unresponsive, McDaniels was called to provide assistance and began providing chest compressions.

The three movants had significantly less involvement with Bowker than did Nurse Miller. The court agrees that "[t]here is no evidence in the record that Renken, Carter and/or McDaniels knew that Bowker was facing any sort of medical issue that was not being addressed by Nurse Miller, nor is there any evidence they were aware that Bowker was experiencing symptoms of cardiomegaly." (#137 at page 18 of 30). There was no constitutional violation on the movants' part.

As to the second prong of the qualified immunity inquiry, the court also agrees that "there is no clearly established law that there is a constitutional requirement detention officers cannot rely on the facility's medical personnel regarding an inmate's medical care and treatment." *(Id.* at page 23 of 30). Qualified immunity is appropriate as to all three

movants regarding the claim of failing to provide medical care.

With similar reasoning as employed as to defendant Miller, the court concludes movants are also entitled to qualified immunity as to the claim of failure to provide humane treatment.

It is the order of the court that the motion of the defendants for summary judgment (#137) is hereby granted.

**IT IS SO ORDERED** this 21st day of SEPTEMBER, 2020.

Ronald A. White
United States District Judge
Eastern District of Oklahoma