# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JUDY LYNN PRINCE,** )<br>**Administrator of the Estate of** )<br>**WAYNE BOWKER, Deceased,** )<br>)<br>Plaintiff, )<br>)<br>v.   )<br>)<br>**SHERIFF OF CARTER COUNTY,** )<br>**in his official capacity, et al.,** )<br>)<br>Defendants. ) | **Case No. CIV-18-201-RAW** |

## ORDER

Before the court is the motion of defendant Milton Anthony for summary judgment. Anthony was the Sheriff of Carter County at the time of the litigated events, and plaintiff seeks to impose liability under 42 U.S.C. §1983 based upon his supervisory role.

In companion orders (incorporated herein by reference) this court found no constitutional violation was committed by jail employees. The sheriff cannot be held liable under a theory of supervisory liability when there was no underlying constitutional violation. *See Martinez v. Beggs,* 563 F.3d 1082, 1092 (10th Cir.2009). *See also Burke v. Regalado,* 935 F.3d 960,1010 (10th Cir.2019).

In addition, Anthony has asserted qualified immunity. "Qualified immunity also

applies to supervisory liability in §1983 cases." *Turner v. Okla. Co. Bd. of Co. Comm.,* 804 Fed.Appx. 921, 925 (10th Cir.2020).  Where a defendant asserts qualified immunity at the summary judgment stage, the burden shifts to the plaintiff to show that (1) the defendant violated a constitutional right, and (2) the constitutional right was clearly established. *Kapinski v. City of Albuquerque,* 964 F.3d 900, 905 (10th Cir.2020).  If, and only if, the plaintiff meets this two-part test does a defendant then bear the traditional burden of the movant for summary judgment.  *Id.*  When a defendant has moved for summary judgment based on qualified immunity, the court still views the facts in the light most favorable to the non-moving party and resolves all factual disputes and reasonable inferences in its favor. *Henderson v. Glanz,* 813 F.3d 938, 952 (10th Cir.2015).

As stated, plaintiff has failed to show that Anthony violated a constitutional right.[1] She has also not shown that clearly established law would have put a reasonable official in Anthony's position on notice that his supervisory conduct would violate Bowker's constitutional rights.  *See Perry v. Durborow,* 892 F.3d 1116, 1123 (10th Cir.2018).

It is the order of the court that the motion of Milton Anthony for summary judgment (#136) is hereby granted.

---

[1] *See also Bennett v. Carter Co. Bd. of Co. Comm.,* 2019 WL 1671979, **8-10 (finding no liability under similar facts).

**IT IS SO ORDERED** this 21st day of SEPTEMBER, 2020.

                                                                        /s/ Ronald A. White
                                                                        Ronald A. White
                                                                        United States District Judge
                                                                        Eastern District of Oklahoma