# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JUDY LYNN PRINCE,** ) <br> **Administrator of the Estate of** ) <br> **WAYNE BOWKER, Deceased,** ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v.  ) <br>  ) <br> **SHERIFF OF CARTER COUNTY,** ) <br> **in his official capacity, et al.,** ) <br>  ) <br> Defendants. ) | Case No. CIV-18-201-RAW |

## ORDER

Before the court is the motion of formerly-named defendant Chris Bryant for summary judgment.  (By order entered February 3, 2020 (#165), the court substituted "The Sheriff of Carter County in his Official Capacity" as named party.)  In the course of companion orders, (incorporated herein by reference) the court granted summary judgment to other defendants.  These rulings as to other defendants sued in their individual capacities were based on both prongs of qualified immunity.

When a finding of qualified immunity is based on a conclusion that the officer has committed no constitutional violation – i.e., the first step of the qualified immunity analysis – a finding of qualified immunity precludes the imposition of municipal liability.  *Emmett*

v. *Armstrong,* 2020 WL 5200909, *9 (10th Cir.2020)*. Likewise, without a constitutional violation, the claim of failure to train and supervise fails. *See Fisher v. Koopman,* 693 Fed.Appx. 740, 746 (10th Cir.2017).

There appear to be issues within the Carter County facility which need to be addressed. For example, the lack of an available physician as well as personnel training. In the case at bar, however, the court finds plaintiff has failed to establish a causative link between these deficiencies and Mr. Bowker's death. Accordingly, the present motion will be granted.

It is the order of the court that the motion of Sheriff of Carter County in his Official Capacity for summary judgment (#133) is hereby granted.

**IT IS SO ORDERED** this 21st day of SEPTEMBER, 2020.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

*An official capacity suit may proceed if the finding of qualified immunity is predicated solely upon a determination that the law was not clearly established. *See Hinton v. City of Elwood, Kan.,* 997 F.2d 774, 783 (10th Cir.1993). As to the Sheriff himself, the defense of qualified immunity is available only in suits against officials sued in their personal capacities, not in suits against officials sued in their official capacities. *Cox v. Glanz,* 800 F.3d 1231, 1239 n.1 (10th Cir.2015).